FILED

STEVEN J. ROTHANS – State Bar No. 106579
JILL WILLIAMS – State Bar No. 221793
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / jwilliams@crdlaw.com

2013 JUN 27  PM 12: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Attorneys for Defendant, City of Pomona, a public entity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SERGIO ARREOLA,

　　　　　Plaintiff,

　　vs.

CITY OF POMONA; ERIC
HAMILTON, in his official and
individual capacity; CHRIS TUCKER,
in his official and individual capacity;
and DOES 1 through 50, inclusive,

　　　　　Defendants.

Case No.: **CV13-04671-SVW**
(PJWX)

**NOTICE OF REMOVAL OF
ACTION**

**[28 U.S.C. §§ 1441
(Federal Question)]**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

　　　　PLEASE TAKE NOTICE that Defendant, City of Pomona, a public entity,

hereby removes to the United States District Court, Central District of California

the state court action described below.

　　　　1.　　On or about May 17, 2013, an action was commenced in the County

of Los Angeles Superior Court, Central District, entitled Sergio Arreola v. City of

Pomona, et al., bearing case number BC509393, a copy of which is attached hereto

STEVEN J. ROTHANS – State Bar No. 106579
JILL WILLIAMS – State Bar No. 221793
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / jwilliams@crdlaw.com

Attorneys for Defendant, City of Pomona, a public entity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ARREOLA, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| vs. | **[28 U.S.C. §§ 1441 (Federal Question)]** |
| CITY OF POMONA; ERIC HAMILTON, in his official and individual capacity; CHRIS TUCKER, in his official and individual capacity; and DOES 1 through 50, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, City of Pomona, a public entity, hereby removes to the United States District Court, Central District of California the state court action described below.

1.     On or about May 17, 2013, an action was commenced in the County of Los Angeles Superior Court, Central District, entitled <u>Sergio Arreola v. City of Pomona, et al.</u>, bearing case number BC509393, a copy of which is attached hereto

- 1 -

1 | as Exhibit "A".

2 |     2.    Defendant City of Pomona was served with this action on June 4,
3 | 2013.

4 |     3.    The plaintiffs mailed a copy of the Summons and Complaint to
5 | Defendants Eric Hamilton and Chris Tucker on June 11, 2013, but, as of the date
6 | of this removal, neither of those defendants has been properly served.

7 |     4.    This action is a civil action of which this Court has original
8 | jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this
9 | Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441 (b) and (c),
10 | in that it involves claims for violations of 42 U.S.C. § 1983.

11 |     5.    All named defendants who have been served with the Summons and
12 | Complaint in this action join in this Notice of Removal.

13 |

14 | DATED: June 26, 2013          CARPENTER, ROTHANS & DUMONT

15 |

16 |           By:

17 |            STEVEN J. ROTHANS

18 |            JILL WILLIAMS
           Attorneys for Defendant,

19 |            City of Pomona

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

NOTICE OF REMOVAL OF ACTION

# Exhibit "A"

RECEIVED
CITY CLERK

CCS
0+1-CA
1-CC

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

2013 JUN -4 PM 2:31

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CITY OF POMONA; ERIC HAMILTON, in his
*(AVISO AL DEMANDADO):* official and individual capacity; CHRIS Tucker
in his official and individual capacity; and DOES 1 through 50, Inclusive

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 17 2013

**YOU ARE BEING SUED BY PLAINTIFF:** SERGIO ARREOLA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso)*<br>C509393 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MCNICHOLAS & MCNICHOLAS LLP
10866 Wilshire Blvd., Suite 1400, Los Angeles, CA 90024      310-474-1582

| DATE:<br>*(Fecha)* | John A. Clarke | Clerk, by<br>*(Secretario)* Amber Hayes | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

[SEAL]

MAY 17 2013

3. [ ] on behalf of *(specify):*
     under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew S. McNicholas/Douglas Winter SBN: 190249/150795<br>MCNICHOLAS & MCNICHOLAS LLP<br>10866 Wilshire Blvd., Suite 1400, Los Angeles, CA 90024<br>TELEPHONE NO.: 310-474-1582 FAX NO.: 310-475-7871<br>ATTORNEY FOR (Name): Sergio Arreola | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 17 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: SERGIO ARREOLA v. CITY OF POMONA; ERIC
HAMILTON, in his official and individual capacity; et cl.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **B C 5 0 9 3 9 3** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [X] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify):
5. This case [ ] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 15, 2013
Douglas Winter
_____ (TYPE OR PRINT NAME)

_____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

1  McNICHOLAS & McNICHOLAS, LLP
   Matthew S. McNicholas, State Bar No. 190249
2  Douglas D. Winter, State Bar No. 150795
   10866 Wilshire Blvd., Suite 1400
3  Los Angeles, California 90024
   Tel: (310) 474-1582
4  Fax: (310) 475-7871
5
   Attorneys for Plaintiff
6  Sergio Arreola

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 17 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

10

11  SERGIO ARREOLA,                          CASE NO.:
                                                           BC509393
12              Plaintiff,
                                             COMPLAINT
13        vs.
                                             1.  Violation of Due Process Under the
14  CITY OF POMONA; ERIC HAMILTON, in            Fourth Amendment
    his official and individual capacity; CHRIS   (42 U.S.C. § 1983)
15  TUCKER, in his official and individual    2.  Violation of Due Process Under the
    capacity; and DOES 1 through 50, Inclusive,   Fourteenth Amendment
16                                                (42 U.S.C. § 1983)
                                             3.  Excessive Use of Force
17              Defendants.                       (42 U.S.C. § 1983)
                                             4.  Violation of Due Process Under the First
18                                               Amendment
                                                 (42 U.S.C. § 1983)
19                                           5.  Malicious Prosecution
                                                 (42 U.S.C. § 1983)
20                                           6.  Negligence
                                             7.  Intentional Infliction of Emotional
21                                               Distress
                                             8.  Negligent Infliction of Emotional
22                                               Distress
23
                                             **JURY TRIAL DEMANDED**
24

25

26        Plaintiff Sergio Arreola ("Arreola") demands a trial by jury and based on information and

27  belief complains and alleges as follows:

28

                                            1

## THE PARTIES

1. Plaintiff Sergio Arreola is an individual residing in Los Angeles County, State of California and was a sworn police officer with the Los Angeles Police Department ("LAPD").

2. Defendant City of Pomona ("City") is a municipal corporation organized as a charter law city and existing by virtue of the laws of the State of California.

3. Defendant Pomona Police Officer Eric Hamilton, serial number 40624 ("Hamilton") is an individual residing in Los Angeles County, and at all relevant times herein was a sworn police officer with the Pomona Police Department.

4. Defendant Pomona Police Officer Chris Tucker, serial number 27890 ("Tucker") is an individual residing in Los Angeles County, and at all relevant times herein was a sworn police officer with the Pomona Police Department.

5. Plaintiff does not know the true names and capacities of the Defendants identified herein as DOES 1 through 100, inclusive, and therefore identifies these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly, or otherwise, and that each said DOE Defendant is liable to plaintiff for the damages claimed herein.

6. At all times herein mentioned, each Defendant was the agent, servant and employee of each of the remaining Defendants, and in doing the things hereinafter mentioned, each Defendant was acting within the course and scope of their employment and authority as such agent, servant and employee and with the consent of their co-Defendants. The conduct of each Defendant combined and cooperated with the conduct of each of the remaining Defendants so as to cause the incidents and the resulting injuries and damages to plaintiff described in this Claim. All Defendants, and each of them, were civil co-conspirators in the actions alleged herein against plaintiff Arreola.

7. At all relevant times, the Defendants, and each of them, were residents of the County of Los Angeles, California.

///

8.    The wrongful conduct alleged against the Defendants occurred in the County of Los Angeles, California.

9.    At all times mentioned herein, each of the Defendants was the co-tortfeasor of each of the other Defendants in doing the things hereinafter alleged.

10.    As described herein throughout, Defendants, and each of them, are guilty of oppression, fraud, or malice within the meaning of California Civil Code § 3294. At all times herein mentioned, Defendants had advance knowledge of the unfitness of their employees and employed them anyway, and ratified the wrongful conduct of each other. As a result, Plaintiffs are entitled to punitive and exemplary damages against all Defendants, and each of them, except as otherwise provided in the Government Code.

11.    Plaintiff has timely complied with any and all applicable government claims presentation statutes.

**FACTUAL BACKGROUND**

12.    On April 11, 2012, Arreola was a police officer with the LAPD. He was approximately one week away from completing his first year on the job, also know as the probationary period. On this day, he received a call from his wife. She informed him that a family member's car had a flat tire and that she, Arreola's wife, was going to drive with her brother to go help. Arreola had just finished testifying in criminal court on a certain matter, ended his shift in LAPD Central Division patrol, and had changed out of his uniform. He informed his wife that he would simply drive to her mother's home, assuming that by the time he made the 45-minute drive, his wife would have returned to that location.

13.    At the very end of the drive, as Arreola was making the turn onto his mother-in-law's street, he received another cell phone call from his wife. It turned out that the car had two flat tires, and the vehicle would need to be towed. Arreola stated he would head to their location to help out.

14.    Upon arrival, Arreola observed a marked Pomona police car as well as the disabled vehicle and a tow truck. Arreola parked his vehicle and exited, immediately noticing that his wife

1  was speaking to a Pomona police officer in uniform.  Arreola later learned that this officer was

2  defendant Hamilton.  He heard his wife tell Hamilton that Arreola was her husband and a police

3  officer.  Hamilton then looked at Arreola, and said in a rude, demeaning tone from approximately

4  25 to 30 feet away, "Who do you work for? Let me see your badge."  Arreola responded, "I work

5  for LAPD, my badge is on my jacket in my trunk, sir."  Hamilton then said, "I didn't fu**ing ask

6  where it was, I said 'show me your badge'."  Arreola then went into his trunk, grabbed his jacket,

7  and turned to show it to Hamilton.  Hamilton then scolded Arreola for going into his trunk without

8  being ordered to do so, and then, pointing, ordered Arreola to move his vehicle to the location he

9  was pointing, or Arreola would be arrested.

10         15.     Arreola complied.  Shortly after he exited his vehicle again, a second Pomona

11  officer was then on scene.  Arreola later learned that this officer was defendant Tucker.  Tucker

12  had arrived Code 3, i.e., lights and sirens.  Tucker spoke with the first officer briefly approached

13  Arreola, ordered him to turn around and put his hands on his head, and asked him if he was armed.

14  Arreola told Tucker that he had his back-up weapon in his right, front, pants pocket.  During this

15  "hands on your head" process, Arreola asked, "Why are you doing this, I did not do anything

16  wrong?"  Tucker continued without response, retrieving the weapon from Arreola's pants pocket

17  without incident, patting-down Arreola.

18         16.     Arreola then told a passerby (someone he did not know) to record the incident on

19  their phone, that he had done nothing wrong.  Hearing that, Tucker pulled Arreola back, causing

20  him to lose his balance, then punched him several times in the ribs.  At that time, either Hamilton

21  or Tucker then did a "take down" maneuver, pushing Arreola's face into the ground.  Once the

22  defendant officers had Arreola on the ground, Hamilton began fiercely twisting his left arm while

23  Tucker applied a choke-hold.  Arreola told them he couldn't breathe.  On audio records of the

24  incident, which were made by the defendant officers themselves, one was heard to say "Yeah, I just

25  about broke his left arm.  Just, I wanted to break his, break his arm."  Another was heard to say, "I

26  had my arm around him, chokin' his a*s out."  Both were parts of the improper and excessive force

27  (in addition to the shots to the ribs and the take-down maneuver).

28  ///

17.     Despite there being a clear "use of force" as that term is defined by POST, state and federal law, and case law, Plaintiff is informed and believes that no one documented any "use of force" in any report, and there was no "use of force" investigation conducted. Such is in direct contravention of POST, state and federal law, and the prevailing practices in every law enforcement agency.

18.     While at the scene, one of the Pomona officers, believed to be Hamilton, told Arreola's wife, after Arreola was in handcuffs ". . . I'm going to make sure your husband is never a police officer in the State of California again. I'll talk to Chief Beck myself personally." The defendant officers also made the following comments: "I don't want him to be a cop anymore if he is a cop;" and, while yelling at Arreola's wife, "Your husband just lost his job."

19.     After Hamilton and Tucker were unable to "choke him out" and unable to break his arm, Arreola was cuffed, taken to the station and booked. While in the booking process at the Pomona station, Arreola's commanding officer, Captain Orbe, arrived after being called. Arreola's Captain spoke to various Pomona officers and personnel, including the defendant officers. As a result of such briefing, the Captain informed Arreola that he would be immediately fired based on what he was told.

20.     Arreola was booked on three counts for purportedly resisting arrest and assaulting an officer. Arreola posted bail. Three of Arreola's family members were also arrested on various counts. Clearly, the Pomona officers engaged in unlawful practices, including racial profiling and race-based discrimination and harassment, causing them to detain, bully, beat, and arrest Arreola and his family members for "driving while brown" in Pomona. The purpose of "hanging" criminal cases on Arreola and his family, people the defendant officers apparently thought were undocumented, was to trigger deportation proceedings. This is supported by the additional fact that, while at the scene, the Pomona officers ordered the tow truck to leave or be arrested, calling to the scene an OPG (Official Police Garage) tow truck to impound the vehicle.

21.     After being released on bail, Arreola was required to turn in his War Bag to the LAPD, which he did, receiving a receipt for it. "War Bag" is a term of art used by sworn police

///

1    officers to refer to the large bag they use to transport their police related materials to work, such as

2    ballistic vests, firearms, shoes, etc.

3        22.    Arreola obtained criminal defense counsel at his own expense, and defended against

4    the claims.  On December 17, 2012, a unanimous jury returned a verdict of "not guilty," telling

5    Arreola's counsel after the trial that they found the Pomona officers, including the defendant

6    officers, to be complete liars.

7        23.    At the scene, one or more of the defendant officers was heard referring to Arreola

8    and his family members during the incident as "wet backs."  When examined during the criminal

9    trial, and while under oath, the officers claimed they said "war bag" not "wet back."  The jury

10   obviously found this ridiculous.

11       24.    However, to make matters worse, the defendant Pomona officers, including Sgt.

12   Rodriguez, conspired and collaborated during the investigative phase of the case concerning

13   Arreola's War Bag as evidence – realizing they would need such at the criminal trial in order to

14   back-up their claim that they said "war bag," not "wet backs," on the audio recording.  The

15   defendants agreed to concoct a scenario regarding Arreola's War Bag in order to lend credence to

16   the idea that the officers said "war bag" and not "wet back."  In furtherance of this, Sgt. Rodriguez

17   testified in court, under oath, that he took the Arreola's War Bag out of Arreola's trunk the day of

18   the incident and personally gave it to LAPD Internal Affairs ("IA").  On cross-examination,

19   however, Sgt. Rodriguez admitted he created no property receipt for the War Bag (a violation of

20   policy and procedure) and that he could not recall whether the person to whom he gave the War

21   Bag at IA was male or female.  In fact, the truth was that after Arreola "bailed-out," he took his

22   vehicle home and his War Bag was still in the trunk.  The following day, Arreola went into Central

23   station and turned his War Bag into to LAPD Sergeant Lou.  In fact, during the pendency of the

24   trial, the prosecuting District Attorney contacted Captain Orb and/or Sergeant Lou to inquire

25   regarding the War Bag.  Captain Orb and/or Sergeant Lou responded to the prosecuting attorney by

26   email, explaining that the day of the incident, no one turned over the War Bag, and that Arreola

27   turned it in himself the next day.

28   ///

25.     In the face of discovering this, and other things, during the trial, the prosecuting attorney actually spoke with people in his office to see if the charges could be dismissed. The answer was "no," and the prosecution continued. Thankfully, the jury returned a unanimous defense verdict.

26.     However, there is more to the story than the above. After his arrest and release while pending trial, Arreola needed a job. He attempted to re-enlist in the Marines. Approximately 5 years earlier, Arreola had enlisted in the Marines in order to become a full-blown U.S. Citizen (Arreola was a permanent U.S. resident at the time). Arreola served 4 years, including a 10-month voluntary tour in-country in Iraq as a machine gunner. Upon reapplication following the incident, however, he was told "no" because of the arrest and charges filed against him.

27.     Further, he could not get a job with any law enforcement agency because, again, he was arrested and terminated from LAPD -- a situation which will prevent employment with ANY law enforcement agency anywhere. This is a "fact" that will follow him everywhere.

28.     Arreola was improperly harassed, discriminated against, and belittled at the scene of the flat tire by the Defendants. He was wrongfully arrested on completely false charges and without probable cause. Defendants used unnecessary and excessive force on Arreola during the arrest, but failed to document the use of force. During the investigative phase of the case, the Defendants collaborated and conspired to fabricate evidence to cover up their own discriminatory and wrongful conduct at the scene. The defendant officers and personnel that signed-off on the alleged probable cause and arrest reports did so knowing they were a complete hoax. The police reports and documents supporting the arrest were false. Evidence and "probable cause" were fabricated and simply made up and put in the arrest report, and were wrongfully presented to the District Attorney. All of this happened because, among other things, Arreola is Mexican and was "driving while brown" in Pomona, something the white officers on the scene apparently didn't like. Arreola was deprived of his Constitutional rights, both state and federal, and deprived of his rights under state and federal law.

///

29.   The criminal case was wrongfully prosecuted and brought to jury verdict. Even after learning that the evidence in the case was fabricated the District Attorney continued to prosecute wrongfully.

30.   In addition, the Defendants, and each of them, were negligent in their hiring, training, and retention of the arresting and processing officers, their supervisors, and everyone in their chain of command. Defendants at the scene were negligent in how they handled the entire situation, including, but not limited to, the detention, the various uses of force, arrest, and booking. The Defendants at the scene, and those in their chain of command that participated in, approved, and/or ratified the arrest, booking, and prosecution, were negligent. Defendants were negligent in the handling of evidence and the fabrication of evidence, and their superiors were negligent in their ratification of, and participation in, all the unlawful conduct alleged herein. This was a bad arrest, a bad use of force, a bad booking, and a bad prosecution. Period. There was no probable cause, there was no evidence, and Arreola and his family did NOTHING wrong – but that didn't matter.

31.   As a proximate result, Arreola lost his job (something the Defendants intended to happen), lost his ability to work in law enforcement (something Defendants intended to happen), will lose his house, and will not be able to support his family. He has suffered past lost earnings, and will suffer lost earnings in the future. He has also suffered general damages, including the loss of his dream to be a police officer, lost earning capacity, and the tremendous public indignity and harm from being wrongfully arrested and prosecuted.

32.   Arreola is not presently able to identify everyone involved in these egregious wrongs, but will seek to obtain their names during discovery and amend his complaint accordingly.

## FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)
### 42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT

33.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

///

34.   Defendants'. conduct as described herein constituted a violation of Arreola's rights protected by the Fourth Amendment to the United States Constitution, as well as the California Constitution.

35.   It is a violation of the Fourth Amendment for a police officer to detain a person without reasonable suspicion.   It is also a violation of the Fourth Amendment for a police officer to arrest a person without probable cause.  Defendants, acting or purporting to act in the performance of their official duties, detained Arreola without reasonable suspicion and arrested Arreola without probable cause.

36.   Arreola is informed and believes, and thereon alleges, that (a) Defendant City of Pomona and the Pomona Police Department have maintained a policy or longstanding practice or custom to detain and arrest without reasonable suspicion or probable cause; (b) policy-makers knew of and approved the Defendant officers' wrongful acts; (c) these policies and practices permitted and encouraged unlawful detention and arrests by its officers; and (d) the Department's training was improper, inadequate, wrongful and unreasonable, resulting in the unlawful and discriminatory application of legal authority, including unlawful arrests and detention.

37.   Defendants' conduct violated Arreola's right to be free from deprivation of life, liberty, or property without due process and was committed with malice or with reckless and callous disregard of and indifference to Arreola's protected rights and well-being.

38.   As a proximate cause of Defendants' conduct, Arreola suffered harm, including past and future lost earnings. He has also suffered general damages and emotional distress, including the loss of his dream to be a police officer, lost earning capacity, and the tremendous public indignity and harm from being wrongfully arrested and prosecuted.

### SECOND CAUSE OF ACTION

AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)

42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT

39.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

40.    Defendants' conduct as described herein constituted a violation of Arreola's rights protected by the Fourteenth Amendment to the United States Constitution, as well as the California Constitution.

41.    The Fourteenth Amendment protects persons from being discriminated against on the basis of race. Defendants, acting under color of state law, acted in a discriminatory manner against Arreola, which discrimination was intentional on the part of the Defendants. In this regard, Defendants arrested Arreola on the basis of his race and with discriminatory intent. Defendants engaged in racial profiling and race-based discrimination and harassment, and unlawfully detained, bullied and beat Arreola because he and his family members were "driving while brown" in the City of Pomona.

42.    Arreola is informed and believes, and thereon alleges, that (a) Defendant City of Pomona and the Pomona Police Department have maintained a policy or longstanding practice or custom to racially discriminate against Hispanics for "driving while brown;" (b) policy-makers knew of and approved the Defendant officers' wrongful acts; (c) these policies and practices permitted and encouraged racial discrimination and unlawful detention and arrests by its officers; and (d) the Department's training was improper, inadequate, wrongful and unreasonable, resulting in the unlawful and discriminatory application of legal authority, including unlawful arrests and detention.

43.    Defendants' conduct violated Arreola's right to be free from deprivation of life, liberty, or property without due process and was committed with malice or with reckless and callous disregard of and indifference to Arreola's protected rights and well-being.

44.    As a proximate cause of Defendants' conduct, Arreola suffered harm, including past and future lost earnings. He has also suffered general damages and emotional distress, including the loss of his dream to be a police officer, lost earning capacity, and the tremendous public indignity and harm from being wrongfully arrested and prosecuted.

///

1

THIRD CAUSE OF ACTION

2

~~AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)~~

3

42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE

4      45.    Plaintiff re-alleges and incorporates by reference each and every allegation

5   contained in this complaint as though set forth herein in full.

6      46.    Defendants used excessive force in detaining and arresting Arreola, including

7   punching him several times in the ribs, performing a "take down" maneuver, pushing Arreola's

8   face into the ground, and fiercely twisting and trying to break Arreola's arm while choking him

9   out.  This use of force was not objectively reasonable under the circumstances.

10     47.    At no time did Arreola attempt to resist or evade arrest and never posed any threat

11  whatsoever to the safety of the officers or anyone else at the scene.

12     48.    Defendants were acting or purporting to act in the performance of official duties.

13     49.    As a proximate cause of Defendants' conduct, Arreola suffered physical and

14  emotional harm, and has suffered past and future lost earnings.  He has also suffered general

15  damages and emotional distress, including the loss of his dream to be a police officer, lost earning

16  capacity, and the tremendous public indignity and harm from being wrongfully arrested and

17  prosecuted.

18     50.    Arreola is informed and believes, and thereon alleges, that (a) Defendant City of

19  Pomona and the Pomona Police Department have maintained a policy or longstanding practice or

20  custom of using force which is not objectively reasonable under the circumstances; (b) policy-

21  makers knew of and approved the Defendant officers' wrongful acts; (c) these policies and

22  practices permitted and encouraged the use of excessive force, as well as unlawful detention and

23  arrests by its officers; and (d) the Department's training was improper, inadequate, wrongful and

24  unreasonable, resulting in the unlawful and discriminatory application of legal authority, including

25  the use of excessive force and unlawful arrests and detention.

26

27

28  ///

# FOURTH CAUSE OF ACTION

## ~~AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)~~

### 42 U.S.C. § 1983 – VIOLATION OF FIRST AMENDMENT

51. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

52. Defendants' conduct as described herein constituted a violation of Arreola's rights protected by the First Amendment to the United States Constitution, as well as the California Constitution.

53. The First Amendment guarantees the right of free speech, among other things. Defendants, acting under color of state law, retaliated against Arreola in response to Arreola's exercise of his First Amendment rights; namely, stating at the scene that he was an LAPD officer. Defendants, upon hearing Arreola state that he was an LAPD officer, retaliated against Arreola by unlawfully detaining, bullying, beating and arresting Arreola. Further, Defendants explicitly stated at the scene that they were going to make sure Arreola got fired from the LAPD, that they didn't want Arreola to be a cop anymore and told Arreola's wife that Arreola "just lost his job."

54. Arreola is informed and believes, and thereon alleges, that (a) Defendant City of Pomona and the Pomona Police Department have maintained a policy or longstanding practice or custom to retaliate against those who exercise their first amendment rights; (b) policy-makers knew of and approved the Defendant officers' wrongful acts; (c) these policies and practices permitted and encouraged and unlawful detention and arrests by its officers; and (d) the Department's training was improper, inadequate, wrongful and unreasonable, resulting in the unlawful and discriminatory application of legal authority, including unlawful arrests and detention.

55. Defendants' conduct violated Arreola's right to be free from deprivation of life, liberty, or property without due process and was committed with malice or with reckless and callous disregard of and indifference to Arreola's protected rights and well-being.

56. As a proximate cause of Defendants' conduct, Arreola suffered harm, including past and future lost earnings. He has also suffered general damages and emotional distress,

1   including the loss of his dream to be a police officer, lost earning capacity, and the tremendous

2   public indignity and harm from being wrongfully arrested and prosecuted.

3

4                        FIFTH CAUSE OF ACTION

5   AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)

6                 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

7         57.   Plaintiff re-alleges and incorporates by reference each and every allegation

8   contained in this complaint as though set forth herein in full.

9         58.   Defendants' conduct as described herein wrongfully caused Arreola to be

10  prosecuted with malice and without probable cause.  Such conduct was done for the purpose of

11  denying Arreola his constitutional rights as alleged herein.

12        59.   Defendants knowingly provided misinformation and fabricated evidence and

13  otherwise engaged in wrongful and bad faith conduct that was actively instrumental in causing the

14  initiation of unfounded legal proceedings against Arreola.

15        60.   Notwithstanding Defendants' malicious and bad faith conduct which was designed

16  to result in a criminal conviction against Arreola, Arreola was in fact fully exonerated and

17  acquitted by a unanimous jury.

18        61.   Arreola is informed and believes, and thereon alleges, that (a) Defendant City of

19  Pomona and the Pomona Police Department have maintained a policy or longstanding practice or

20  custom to trump-up or otherwise fabricate evidence in order to cause criminal proceedings to be

21  initiated; (b) policy-makers knew of and approved the Defendant officers' wrongful acts; (c) these

22  policies and practices permitted and encouraged unlawful detention and arrests by its officers

23  which led to the initiation of such proceedings; and (d) the Department's training was improper,

24  inadequate, wrongful and unreasonable, resulting in the unlawful application of legal authority,

25  including unlawful arrests and detention and prosecution.

26        62.   Defendants' conduct violated Arreola's right to be free from deprivation of life,

27  liberty, or property without due process and was committed with malice or with reckless and

28  callous disregard of and indifference to Arreola's protected rights and well-being.

13
Complaint

63.   As a proximate cause of Defendants' conduct, Arreola suffered harm, including past and future lost earnings. He has also suffered general damages and emotional distress, including the loss of his dream to be a police officer, lost earning capacity, and the tremendous public indignity and harm from being wrongfully arrested and prosecuted.

## SIXTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## NEGLIGENCE

64.   Plaintiff realleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

65.   Arreola's damages and injuries were proximately caused by the wrongful acts or negligence of the Defendants, and each of them.

66.   Specifically, Defendants conducted the detention and arrest negligently, employed negligent tactics at the scene, and negligently failed to follow department policy.

67.   The Defendant officers at the scene were negligently trained, negligently hired, negligently supervised, negligently retained, and negligently failed to adhere to the norms of their profession and the Peace Officer Standards and Training ("P.O.S.T.").

68.   The supervisors at the scene negligently handled the stop and were negligent in their control and direction of the tactics and the officers at the scene.

69.   The City of Pomona, the Pomona Police Department, and all its employees and sworn officers, were negligent in the hiring, training, selection, retention, and disciplining (or non-disciplining) of the officers involved in the incident, as well as the officers who trained the involved-officers throughout their careers, from the academy to the date in question.

70.   As a proximate cause of Defendants' conduct, Arreola suffered harm, including past and future lost earnings. He has also suffered general damages and emotional distress, including the loss of his dream to be a police officer, lost earning capacity, and the tremendous public indignity and harm from being wrongfully arrested and prosecuted.

///

SEVENTH CAUSE OF ACTION

~~AGAINST ALL DEFENDANTS~~

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

72.    Arreola's damages and injury were proximately caused by the acts of Defendants, and each of them, who engaged in outrageous conduct that was intentional or reckless and which was outside the bounds of decency.

73.    Defendants' conduct was intended to cause emotional distress, or manifested a reckless disregard of the probability that Arreola would suffer emotional distress.

74.    As a proximate cause of Defendants' conduct, Arreola suffered severe emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

EIGHTH CAUSE OF ACTION

AGAINST ALL DEFENDANTS

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

75.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

76.    Arreola's damages and injury were proximately caused by the negligent acts of Defendants, and each of them.

77.    As a proximate cause of Defendants' negligence, Arreola has suffered serious emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, such that reasonable person would be unable to cope with it.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages according to proof, including general and special damages;

2.     For punitive and exemplary damages according to proof as allowed by the Government Code;

3.     For money damages for mental pain and anguish and emotional distress;

4.     For money damages for the physical pain, injury, anguish and distress, as the same have resulted from emotional stress and distress;

5.     For prejudgment and post judgment interest;

6.     For reasonable attorney fees, as allowed by law, with a multiplier;

7.     For costs of suit incurred; and

8.     For such other and further relief and damages as the law may allow and as the Court deems just and proper, whatever they may be.

Dated:  May 14, 2013                           McNICHOLAS & McNICHOLAS, LLP


                                               By: _____
                                                   Matthew S. McNicholas
                                                   Douglas D. Winter
                                                   Attorneys for Plaintiff
                                                   Sergio Arreola

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On **June 27, 2013**, I served the foregoing document(s) described as:

## NOTICE OF REMOVAL ACTION

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Mathew S. McNicholas, Esq.
Douglas D. Winter, Esq.
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
Attorney for Plaintiff Sergio Arreola


**BY MAIL**
  X   I deposited such envelope in the mail at Los Angeles, California.  The
       envelope was mailed with postage thereon fully prepaid.

       Executed on **June 27, 2013,** at Los Angeles, California.

**FEDERAL**
  X   I declare under penalty of perjury under the laws of the United States of
       America that the above is true and correct.

  Susana Guzman                                          _____
                                                        (Signature)

- 1 -

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV13- 4671 SVW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> SERGIO ARREOLA | DEFENDANTS <br> CITY OF POMONA; ERIC HAMILTON, in his official and individual capacity; CHRIS TUCKER in his individual and official capacity; and DOES 1 through 50, inclusive, |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Matthew S. McNicholas, Esq. / Douglas D. Winter, Esq. <br> McNICHOLAS & McNICHOLAS <br> 10866 Wilshire Boulevard, Suite 1400 <br> Los Angeles, CA  90024 | Attorneys (If Known) <br> Steven J. Rothans, Esq. <br> CARPENTER, ROTHANS & DUMONT <br> 888 S. Figueroa Street, Suite 1960 <br> Los Angeles, CA  90017 <br> (213) 228-0400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment <br> ☐ 443 Housing/Acco- mmodations | ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent <br> ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:   CV13-04671

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

    Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

    The City of Pomona is a municipality or agency operating within the County of Los Angeles, State of California

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

    County of Los Angeles, State of California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date ___June 26, 2013___

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

1
## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California.  I am over the

3   age of eighteen and not a party to the within entitled action.  My business address

    is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

4

5   On **June 27, 2013**, I served the foregoing document(s) described as:

6   ### CIVIL CASE COVER SHEET

7   upon the interested parties in this action by placing the true copies thereof enclosed
    in sealed envelopes addressed to the following persons:

8

9   Mathew S. McNicholas, Esq.
    Douglas D. Winter, Esq.

10  McNICHOLAS & McNICHOLAS, LLP

11  10866 Wilshire Blvd., Suite 1400
    Los Angeles, CA 90024

12  Attorney for Plaintiff Sergio Arreola

13

14  **BY MAIL**

15     X   I deposited such envelope in the mail at Los Angeles, California.  The
           envelope was mailed with postage thereon fully prepaid.

16

17     Executed on **June 27, 2013,** at Los Angeles, California.

18  **FEDERAL**

19     X   I declare under penalty of perjury under the laws of the United States of
           America that the above is true and correct.

20

21     Susana Guzman

22                                        (Signature)

23

24

25

26

27

28
                                    - 1 -
                              PROOF OF SERVICE