**STEVEN J. ROTHANS – State Bar No. 106579**
**JILL WILLIAMS – State Bar No. 221793**
**DANIELLE C. FOSTER – State Bar No. 281385**
**CARPENTER, ROTHANS & DUMONT**
**888 S. Figueroa Street, Suite 1960**
**Los Angeles, CA  90017**
**(213) 228-0400 / (213) 228-0401 [Fax]**
**srothans@crdlaw.com / jwilliams@crdlaw.com / dfoster@crdlaw.com**

Attorneys for Defendants, City of Pomona, a public entity, Officer Eric Hamilton and Corporal William Tucker, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ARREOLA,<br><br>              Plaintiff,<br><br>     vs.<br><br>CITY OF POMONA; ERIC HAMILTON, in his official and individual capacity; CHRIS TUCKER, in his official and individual capacity; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: CV13-4671 SVW (PJWx)<br><br>**PROTECTIVE ORDER** |

The protective order shall govern the disclosure of any internal affairs investigations conducted by the Pomona Police Department, information pertaining to Officer Eric Hamilton's and Corporal William Tucker's history of employment with other law enforcement agencies, as well as any and all complaints within the personnel files of Officer Hamilton and Corporal Tucker that asserted allegations of excessive force, racial discrimination and/or dishonesty in the lawsuit entitled <u>Sergio Arreola v. City of Pomona, et al.</u>, bearing case number CV13-4671 SVW (PJWx).

   1.   All personnel documents, internal affairs documents and all responses to interrogatories which pertain to the personnel and internal affairs documents

1  produced by defense in discovery as ordered by the Court (hereinafter collectively
2  "the Protected Documents")[1], will be clearly designated prior to the disclosure or
3  production of such Protected Documents, and will bear the notation of
4  "Confidential" on each page provided the notation does not obscure or obliterate
5  the document's contents.  All Protected Documents shall be subject to this
6  Protective Order as follows.
7      2.    Each person receiving any of the Protected Documents shall not
8  disclose to any person or entity, in any manner, including orally, any of the
9  Protected Documents or any of the information contained therein, except when
10 used for purposes of this litigation pursuant to this protective order.
11     3.    The Protected Documents and all information contained therein, may
12 only be disclosed to the following "qualified" persons:
13     (a)    Counsel of record for the parties to this civil litigation;
14     (b)    Plaintiff and Defendant City of Pomona and its employees, including,
15 but not limited to Officer Eric Hamilton and Corporal William Tucker;
16     (c)    Paralegal, stenographic, clerical and secretarial personnel regularly
17 employed by counsel referred to in subparagraph (a); and, investigators, expert
18 witnesses and other persons legitimately involved in litigation-related activities for
19 the counsel of record.
20     (d)    Court personnel, including stenographic reporters engaged in such
21 proceedings as are necessarily incidental to preparation for the trial of this action.
22     4.    The confidential information may be disclosed to the Court and court
23 personnel in connection with this litigation.  Protected Documents that a party
24 intends to use in support of or in opposition to a pre-trial filing with the Court must
25 be filed in accordance with the Central District of California Local Rules relating
26 to under seal filings, including Local Rule 79-5.  Counsel intending to use

---

[1] Documents may qualify as Protected Documents only if they have not been

1  information from Protected Documents must both: (a) apply to submit unredacted
2  documents containing information from Protected Documents under seal; and (b)
3  file public versions of the same documents with the information from Protected
4  Documents redacted.

5     5.     In the event this matter proceeds to trial, to the extent that any of the
6  Protected Documents are offered into evidence, those Protected Documents will
7  become public, unless sufficient cause is shown in advance of trial to proceed
8  otherwise.

9     6.     The court reporter, videographer, and audiographer, if any, who
10 record all or part of the depositions in this matter of any City of Pomona employee,
11 including, but not limited to Officer Eric Hamilton and Corporal William Tucker,
12 which include Protected Documents or descriptions thereof shall be subject to this
13 Order and precluded from providing any portions of the original deposition
14 videotape, audiotape, or exhibits which relate to the Protected Documents or
15 information to any persons other than counsel of record, absent order of the court.

16    7.     Those attending the deposition of any City of Pomona employee
17 including, but not limited to Officer Eric Hamilton and Corporal William Tucker,
18 shall be bound by this Order and, therefore, shall not disclose to any person or
19 entity, in any manner, including orally, any statements relating to information
20 within the Protected Documents made by such person during the course of said
21 depositions.

22    8.     At any deposition of the any City of Pomona employee, should there
23 be persons in attendance who are not authorized to access to the Protected
24 Documents or information, such persons shall be removed from the deposition
25 room at any time information relating to the Protected Documents or protected
26 information is disclosed or discussed.

27
28 made public.

1     9.    The Protected Documents shall be used solely in connection with the preparation and trial of the within this action <u>Sergio Arreola v. City of Pomona, et al.</u>, bearing case number CV13-4671 SVW (PJWx), or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10.    This Order may not be modified unless by written consent of the parties **and** approval of the Court.  Any party may move for a modification of this Order at any time.

11.    This Order is made for the purpose of ensuring that the Protected Documents and the information contained therein will remain confidential.

12.    At the conclusion of this litigation, upon request of defense counsel, plaintiff's counsel shall return all Protected Documents to Steven J. Rothans, Esq., Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles, California 90017.  Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13.    Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

DATED: January 03, 2014           _____
                                       Honorable Patrick J. Walsh
                                       United States District Court Magistrate Judge