1  STEVEN J. ROTHANS – State Bar No. 106579
   JILL WILLIAMS – State Bar No. 221793
2  DANIELLE C. FOSTER – State Bar No. 281385
   CARPENTER, ROTHANS & DUMONT
3  888 S. Figueroa Street, Suite 1960
   Los Angeles, CA  90017
4  (213) 228-0400 / (213) 228-0401 [Fax]
   srothans@crdlaw.com / jwilliams@crdlaw.com / dfoster@crdlaw.com
5
   Attorneys for Defendants, City of Pomona, a public entity, Officer Eric Hamilton
6  and Corporal William Tucker, public employees

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SERGIO ARREOLA,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF POMONA; ERIC HAMILTON, in his official and individual capacity; CHRIS TUCKER, in his official and individual capacity; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: CV13-4671 SVW (PJWx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING LOS ANGELES POLICE DEPARTMENT INTERNAL AFFAIRS INVESTIGATION CF12-00118<br><br>**NOTE CHANGES MADE BY THE COURT** |

IT IS HEREBY ORDERED that, pursuant to stipulation of counsel and the City of Los Angeles, as follows:

1. The City of Los Angeles shall produce the following items regarding Los Angeles Police Department ("LAPD") Internal Affairs Investigation CF12-001118, subject to this Protective Order:

   a. Any and all audio and video recordings of interviews of witnesses and parties conducted by the LAPD Internal Affairs Department/Division;

- 1 -
[PROPOSED] PROTECTIVE ORDER
GOVERNING LAPD INTERNAL AFFAIRS INVESTIGATION CF12-00118

      b.      Transcripts of any audio recordings of interviews conducted by the LAPD Internal Affairs Department/Division;

      c.      Any and all photographs collected during the course of the investigation or taken in connection with the investigation (color duplicates to be produced);

      d.      Any and all audio and video recordings collected during the course of the investigation or generated in connection with the investigation;

      e.      Any and all police reports, arrest reports, vehicle reports and incident reports collected during the course of the investigation or generated in connection with the investigation;

      f.      Any written statements obtained from Sergio Arreola or any other witnesses by the LAPD Internal Affairs Department/Division, regardless of form;

      g.      Any other evidence collected by the LAPD Internal Affairs Department/Division in connection with the subject investigation.

2.     The City of Los Angeles shall produce all of these items within ~~five~~ *three (3)* days of receiving notice of this Order.

3.     The City of Los Angeles will not produce any reports, summaries, notes or other documents that were generated by the LAPD Internal Affairs Department as a result of Internal Affairs Investigation CF12-001118 that reflects the Department's opinions or conclusions.

4.     The production of the items listed in Paragraph 1 are subject to the following Protective Order.

## PROTECTIVE ORDER

The protective order shall govern the disclosure of Los Angeles Police Department ("LAPD") Internal Affairs Investigation CF12-001118, in the civil

lawsuit entitled <u>Sergio Arreola v. City of Pomona, et al.</u>, bearing case number CV13-4671 SVW (PJWx).

1. All internal affairs documents produced by the City of Los Angeles as ordered by the Court (hereinafter collectively "the Protected Documents")[1], will be clearly designated prior to the disclosure or production of such Protected Documents, and will bear the notation of "Confidential" on each page provided the notation does not obscure or obliterate the document's contents. All Protected Documents shall be subject to this Protective Order as follows.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

   (a) Counsel of record for the parties to this civil litigation;

   (b) Plaintiff and Defendant City of Pomona and its employees, including, but not limited to Officer Eric Hamilton and Corporal William Tucker;

   (c) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record.

   (d) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4. The confidential information may be disclosed to the Court and court personnel in connection with this litigation. Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must

---

[1] Documents may qualify as Protected Documents only if they have not been made public.

be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use information from Protected Documents must both: (a) apply to submit unredacted documents containing information from Protected Documents under seal; and (b) file public versions of the same documents with the information from Protected Documents redacted.

5. In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

6. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter, which include Protected Documents or descriptions thereof shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

7. Those attending any depositions in this matter, shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Documents made by a deponent during the course of said depositions.

8. At any deposition in this matter, should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

9. The Protected Documents shall be used solely in connection with the preparation and trial of the within civil action <u>Sergio Arreola v. City of Pomona, et al.</u>, bearing case number CV13-4671 SVW (PJWx), or any related appellate

proceeding, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

10. This Order may not be modified unless by written consent of the parties <u>and</u> approval of the Court. Any party may move for a modification of this Order at any time.

11. This Order is made for the purpose of ensuring that the Protected Documents and the information contained therein will remain confidential.

12. At the conclusion of this litigation, upon request of counsel for the City of Los Angeles, all parties shall return all Protected Documents to the City of Los Angeles. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

13. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

DATED: 1/6/14

_____
Honorable Patrick J. Walsh
United States District Court Magistrate Judge

[PROPOSED] PROTECTIVE ORDER
GOVERNING LAPD INTERNAL AFFAIRS INVESTIGATION CF12-00118